UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SCOTT D. KEITH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CHIEF THUNE, Chief of Police, Official and Individual Capacity; CITY OF SIOUX FALLS, Municipality, Official and Individual Capacity; CITY OF SIOUX FALLS COMMISSIONERS, Official and Individual Capacity; 2 POLICE OFFICERS, of the City of Sioux Falls Police Dept., Official and Individual Capacity; and JENSEN CHRISTEN, States Attorney, Official and Individual Capacity,<br><br>　　　　　Defendants. | 4:24-CV-04171-KES<br><br>ORDER DENYING PLAINTIFF'S VARIOUS MOTIONS AND 1915A SCREENING |

　　Plaintiff, Scott D. Keith,[1] a former inmate at the Minnehaha County Jail,[2] filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. He filed two motions for leave to proceed in forma pauperis and two prisoner trust account

---

[1] Keith sometimes writes his name as Scott Keith and other times as Keith Scott. *See e.g.*, Dockets 1, 4, 6, 7, 8, 9. Because the prisoner trust account report generated by the prison lists his name as "KEITH, SCOTT D[,]" this court will assume that Keith is his last name. Docket 2 at 2; Docket 10 at 2.

[2] At the time Keith filed his complaint, he was incarcerated at the Minnehaha County Jail. Docket 1. He later informed the court that he was transferred to the South Dakota Human Services Center. Docket 9.

reports. Dockets 2, 4, 8, 10. He also filed a motion to appoint counsel, Docket 7, and a motion for a hearing, Docket 6.

I.     **Motions for Leave to Proceed In Forma Pauperis**

Keith filed two motions for leave to proceed in forma pauperis and two prisoner trust account reports. Dockets 2, 4, 8, 10. But Keith paid the full civil complaint filing fee. Thus, Keith's motions for leave to proceed in forma pauperis, Dockets 4 and 8, are denied as moot. *See Richmond v. State of South Dakota*, 4:24-CV-04067-ECS, 2024 WL 3385524, at *1 (D.S.D. July 11, 2024); *Keith v. Summers*, 4:24-CV-04077-LLP, 2025 WL 267049, at *1 (D.S.D. Jan. 21, 2025).

II.    **1915A Screening**

   A.    **Factual Background**

Keith claims that the City of Sioux Falls employs Sioux Falls Police Department Chief of Police Thune and two other officers who were involved in stalking, unreasonable search, unlawful incarceration, use of excessive force, slander, and defamation against Keith. Docket 1 at 3. Keith alleges that he has criminal charges pending from 2021, which are still not finalized. *Id.* at 4. He also claims that he was denied a surgery on April 10, 2024. *Id.* at 3–4.

Keith sues all defendants in their individual and official capacities. *Id.* at 1–2. He requests injunctive relief ordering performance of a surgery he was denied. *Id.* at 3–4. He also seeks $2,000,000 in damages. *Id.*

### B.     Legal Background

The court must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663–64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material

3

elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554–63)).

Under 28 U.S.C. § 1915A, the court must screen prisoner[3] complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now screen Keith's complaint under 28 U.S.C. § 1915A.

### C. Legal Analysis

#### 1. Claims Against City of Sioux Falls and Official Capacity Claims

Keith sues all defendants in their individual and official capacities. Docket 1 at 1–2. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Keith's official capacity claims against Thune, the two police officers, and the City Commissioners are equivalent to claims against the City of Sioux Falls, and Keith's official capacity claim against State's Attorney Jensen Christen is equivalent to a claim against the county employing him, which is presumably Minnehaha County.

---

[3] Keith was detained at the Minnehaha County Jail at the time he filed his complaint but was later transferred to the South Dakota Human Services Center. Docket 1 at 6; Docket 9. A prisoner's status is determined at the time he filed the action. *Keith*, 2025 WL 267049, at *1 (citing *Williams v. Scalleta*, 11 F. App'x 677, 678 (8th Cir. 2001) (per curiam)). This court need not determine whether Keith was considered a prisoner after his transfer because he met the requirements of a prisoner under 28 U.S.C. § 1915A(c) at the time he filed his complaint.

A municipal government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must still include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. *Id.*; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

5

Keith claims that the City of Sioux Falls employs Thune and the two other police officers, but Keith has not indicated that the City of Sioux Falls or Minnehaha County had a policy or custom that caused a violation of his rights. *See generally* Docket 1. Thus, Keith's claims against the City of Sioux Falls and his official capacity claims against Thune, Sioux Falls Commissioners, two police officers, and Christen are dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

### 2. Individual Capacity Claims

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

> Thus, each Government official . . . is only liable for his or her own misconduct. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.

*Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (cleaned up). Thus, Keith's individual capacity claims must allege that each individual defendant either participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor.

#### a. Claims Against Thune and Police Officers

Keith claims that Thune and two police officers were "involved in stalking, unreasonable search, unlawful incarceration, excessive use of force, slander, and defamation" against him. Docket 1 at 3 (cleaned up). Keith does

6

not allege any facts about the occurrence of these events. Without more, Keith has alleged insufficient facts to state a claim upon which relief may be granted. Thus, Keith's individual capacity claims against Thune and two police officers are dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

### b.  Claims Against Sioux Falls Commissioners

Keith sues the Sioux Falls Commissioners. Docket 1 at 2. He has not alleged any particular action by any particular city commissioner that violated his civil rights. *See generally id.* Thus, Keith's claims against Sioux Falls Commissioners in their individual capacity are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).

### c.  Claims Against Jensen Christen

Keith sues Christen in his individual capacity. Docket 1 at 2. Keith does not allege that Christen engaged in any conduct that violated his constitutional rights.[4] *See generally id.* Thus, Keith's claim against Christen in his individual capacity is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).

---

[4] The only facts that Keith alleges related to an attorney's act is that he has pending charges stemming from 2021. Docket 1 at 4. But Keith does not allege that Christen was the state's attorney prosecuting that case. *Id.* Even if Christen was the state's attorney prosecuting the case, individual capacity claims against Christen for his conduct initiating or prosecuting the criminal case would be barred by prosecutorial immunity. *See Williams v. Hartje*, 827 F.2d 1203, 1208 (8th Cir. 1987) ("Prosecutors are absolutely immune from suits for damages arising out of their official duties in initiating and pursuing criminal prosecutions." (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)).

### D. Filing an Amended Complaint

Keith may file an amended complaint clearly laying out the factual basis for his claims. Keith must file his amended complaint on or before **May 18, 2025.** If Keith files an amended complaint, he should specifically:

> (1) identify and name as a Defendant each individual who allegedly violated his constitutional rights; (2) explain how each individual personally violated his constitutional rights; (3) state in what capacity he is suing each Defendant (individual capacity, official capacity, or both); (4) identify his prisoner status at the time of the alleged unconstitutional conduct; (5) state the injury he suffered as a result of each Defendant's alleged unconstitutional conduct; and (6) state what relief he seeks from the Court.

*Gray v. Does*, 2023 WL 7381414, at *2 (E.D. Ark. Oct. 30, 2023). "[A]n amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir 2000)). Thus, all claims that Keith seeks to bring against all defendants must be included in an amended complaint.

### III. Motion to Appoint Counsel (Docket 7)

Keith filed a motion to appoint counsel. Docket 7. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Because Keith has not been granted leave to proceed in forma pauperis, this court cannot request an attorney to represent him under 28 U.S.C. § 1915(e)(1). Further, all of Keith's claims have been dismissed on § 1915A screening. Thus, Keith's motion to appoint counsel, Docket 7, is denied.

### IV.     Motion for Hearing (Docket 6)

Keith filed a motion for "a hearing to clarify why defendants will not make payment from prison trust acct to court for filing fees, hindering sumnons [sic] process." Docket 6 at 1 (capitalization in original omitted). Keith has already paid his filing fee, and he has not alleged any facts showing that defendants hindered his ability to serve them. *Id.* Because Keith has not alleged a valid reason to have a hearing, defendants have not yet been served, and none of Keith's claims survived § 1915A screening, Keith's motion for a hearing, Docket 6, is denied.

Thus, it is ORDERED:

1. That Keith's motions for leave to proceed in forma pauperis, Dockets 4 and 8, are denied as moot.

2. That Keith's claims are dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

3. That Keith has until **May 18, 2025**, to file an amended complaint. Failure to do so will result in dismissal of his case without prejudice.

4. That Keith's motion to appoint counsel, Docket 7, is denied.

5. That Keith's motion for a hearing, Docket 6, is denied.

Dated April 17, 2025.

                                    BY THE COURT:

                                    /s/ *Karen E. Schreier*
                                  KAREN E. SCHREIER
                                  UNITED STATES DISTRICT JUDGE